E-FILED
Friday, 20 August, 2010  03:35:38 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| RUSTY MCCOY, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 10-cv-1239 |
| RICARDO RIOS, | ) ) ) |
| Respondent. | ) ) |

## O P I N I O N and O R D E R

Before the Court are the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), the Motion for Leave to Proceed in forma pauperis (Doc. 2), and the Motion to Appoint Counsel (Doc. 3) filed by Petitioner on August 2, 2010. The Petition is DISMISSED, the Motion for Leave to Proceed in forma pauperis is DENIED AS MOOT, and the Motion to Appoint Counsel is DENIED.

**I. Motion to Proceed in forma pauperis**

Title 28 U.S.C. § 1915 provides that a civil proceeding may proceed without prepayment of the filing fee provided an inmate "submits an affidavit that includes a statement of all assets such prisoner possess that the person is unable to pay such fees or give security therefore." Petitioner asserts that he has no assets and that he is indigent.  His prison trust fund account statement, however, reveals that as of July 21, 2010, Petitioner had a balance of $113.46.  The statement also indicates that Petitioner is employed and receives wages every month ranging from $71.53 to $165.43.  As such this Court finds that Petitioner is not indigent and that he can

afford to pay the $5.00 filing fee associated with a § 2241 Petition. As will be explained below, however, no filing fee is required in this case.

## II. Motion to Appoint Counsel

Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). After a litigant has made such an attempt, the Court considers whether "given the difficulty of the case, d[oes] the plaintiff appear to be competent to try it himself, and, if not, would the presence of counsel [] [make] a different in the outcome?" *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

In addition to the foregoing, the Court may appoint counsel in this 28 U.S.C. § 2241 petition if discovery is required and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Cases 6,8 (which apply to § 2241 Petitions, *see* Rule 1). And, counsel may be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A.

Petitioner has made no attempt to secure counsel without Court intervention. For this reason alone, the motion is DENIED. In addition, Petitioner appears capable of pursuing his claims, has presented a reasonably coherent Petition, and counsel will not make a difference in the outcome of this matter. Moreover, no evidentiary hearing or discovery is required in this matter.

### III. Habeas Petition

> Rule 4 of the Rules governing habeas petitions provides:
>
> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

On June 14, 2005, Petitioner pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *United States v. Rusty Eugene McCoy*, 3:05-cr-5010, Doc. 15 (W.D.Mo). Judgment was entered on January 10, 2006 and Petitioner was sentenced to 180 months of incarceration (the statutory minimum) and 5 years of supervised release. Petitioner filed a notice of appeal on January 19, 2006. The judgment was affirmed by the Eighth Circuit Court of Appeals on February 5, 2007. In the appeal, Petitioner "challenge[d] one of the predicate offenses underlying his armed-career-criminal status, arguing that aiding and abetting felony theft of a vehicle in violation of Kansas law should not automatically be deemed a 'violent felony.'" *Id.* Doc. 38. A subsequent writ of certiorari was denied by the United States Supreme Court on November 1, 2007. *Id.* Doc. 41.

Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 on October 1, 2008. *Rusty Eugene McCoy v. United States*, 3:08-cv-5104, Doc. 1 (W.D.Mo). In that Motion, Petitioner again argued that that aiding and abetting in the felony theft of a vehicle is not a violent felony. Petitioner also argued that his Fifteen year sentence was a breach of his plea agreement and that this counsel was ineffective for failing to attack his excessive sentence. The District Court denied the Motion. A certificate of appealability was not issued by either the District Court oo the Court

of Appeals; and, a petition for a writ of certiorari was denied by the Supreme Court on May 6, 2010.

The Petition before this Court asserts that Petitioner is "actually innocent" of the crime for which he stands convicted based on the decision by the United States Supreme Court in *Begay v. United States*, 553 U.S. 137 (2008). In *Begay*, the Court limited the definition of "violent felony" contained in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which mandates a minimum sentence of 15 years for a person who violates § 922(g) (felon in possession) and who has three prior convictions for a "violent felony or a serious drug offense." The Court held that for purposes of the statute, the violent felonies that are covered are crimes similar to those listed in the statute, namely, burglary, arson, extortion, or crimes involving explosives. *Begay*, 553 U.S. at 142. The Court reasoned, in part, that

> The listed crimes all typically involve purposeful, 'violent,' and 'aggressive' conduct. That conduct is such that it makes more likely that an offender, later possessing a gun, will use that gun deliberately to harm a victim. Crimes committed in such a purposeful, violent, and aggressive manner are 'potentially more dangerous when firearms are involved.' And such crimes are 'characteristic of the armed career criminal, the eponym of the statute.' *Id.* at 144-145 (citations omitted).

The rule in *Begay* is retroactively applicably on collateral review. *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010). Petitioner argues that, in light of *Begay*, the use of his prior conviction for aiding and abetting the theft of a vehicle, which Kansas law considers a violent felony, to enhance his sentence under the Armed Career Criminal Act, is error. This is the same argument that Petitioner raised on appeal and in his § 2255 motion (which was filed after *Begay* was decided).

Thus, Petitioner is not arguing that he is innocent of the crime for which he stands convicted, to wit, possession of a firearm by a convicted felon; rather, Petitioner is again challenging the predicate felony that made him an armed career criminal for purposes of sentencing.

Because Petitioner is a federal inmate who is challenging his sentence, by arguing that his sentence is "in excess of the maximum authorized by law," analysis of his claim must begin with 28 U.S.C. § 2255. *Kramer v. Olson*, 347 F.3d 214,217 (7th Cir. 2003) ("Ordinarily, § 2255 is the exclusive means for a federal prisoner to attack his conviction."). Petitioner already has filed a § 2255 Motion; therefore, the present Petition can only go forward if Petitioner can benefit from the savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the application has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e).

In this case Petitioner has been denied the relief that he requests on direct appeal and in his first § 2255 Motion. Therefore, Petitioner must show that a § 2255 Motion is "inadequate or ineffective to test the legality of his detention." It is clear that § 2255 is neither inadequate nor ineffective in this case. Petitioner does not claim that any change in the law, as announced by the Supreme Court, that post-dates his § 2255 Motion, renders him actually innocent of the crime for which he

stands convicted. *See Unthank v. Jett*, 549 F.3d 534, 535-536 (7th Cir. 2008); *Kramer*, 347 F.3d at 217.

As such, notwithstanding the title, the Petition is actually a second § 2255 Motion. Such a second motion cannot be entertained by this Court unless Petitioner has received permission from the Court of Appeals. *See* 28 U.S.C. § 2255(h). There is no showing that Petitioner has acquired the necessary permission and this Court is without authority to consider the arguments made therein.

**IV. Conclusion**

For the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is DISMISSED, the Motion for Leave to Proceed in forma pauperis (Doc. 2) is DENIED AS MOOT, and the Motion to Appoint Counsel (Doc. 3) is DENIED.

CASE TERMINATED

Entered this 20th day of August, 2010

            s/ Joe B. McDade
            JOE BILLY MCDADE
          Senior United States District Judge