E-FILED
Thursday, 09 August, 2012  02:33:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| RUSTY EUGENE MCCOY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-cv-1239 |
| ) | |
| RICARDO RIOS, *Warden*, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

On August 20, 2010, this Court denied Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. 4). Petitioner filed a Motion for Relief from Judgment (Doc. 8), which the Court denied. Petitioner then filed a Notice of Appeal and a Motion for Certificate of Appealability. (Doc. 16). The Court granted Petitioner's Motion after finding that the Seventh Circuit's opinions in *Narvaez v. U.S.*, 641 F.3d 877 (7th Cir. 2011), and *Sperberg v. Marberry*, 381 F. App'x 602 (7th Cir. 2010), raised questions about the grounds upon which Petitioner's Petition was originally denied.

At the Seventh Circuit, Petitioner and Respondent filed a Joint Motion for Remand. (11-3011, Doc. 16). In that Motion, the parties asked the Seventh Circuit to remand the case to this Court so that Petitioner's Petition could be reconsidered in light of the Seventh Circuit's amended opinion in *Narvaez*, 674 F.3d 621 (7th Cir. 2011) (*"Narvaez II"*), as well as *Wyatt v. U.S.*, 672 F.3d 519 (7th Cir. 2012). The parties argued that if this Court "had had the opportunity to consider those

1

decisions, its ruling on Mr. McCoy's petition and his motion to reconsider would likely have been different." (11-3011, Doc. 16 at 5). On July 23, 2012, the Seventh Circuit granted the parties' Motion and remanded the case to this Court for reconsideration in light of *Narvaez II* and *Wyatt*. (11-3011, Doc. 17).

After reviewing the relevant Seventh Circuit authority, the Court finds that a remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality" of Petitioner's continued detention as that phrase is used in 28 U.S.C. 2255(e), and that he is therefore not foreclosed from seeking relief under 28 U.S.C. § 2241. *See Wyatt*, 672 F.3d at 524. In a telephone hearing with counsel for the parties it was agreed that Petitioner's ACCA-enhanced sentence exceeds the otherwise-applicable statutory maximum for his crime of conviction: without the enhancement, the maximum term to which Petitioner could have been sentenced for a violation of 18 U.S.C. § 922(g) was ten years. 18 U.S.C. § 924(a)(2). With the ACCA enhancement, the minimum sentence which Petitioner could have received (and the sentence he did in fact receive) was fifteen years. 18 U.S.C. § 924(e)(1). Respondent does not dispute that one of Petitioner's predicate "violent felonies"—namely, aiding and abetting auto theft—is no longer considered "violent" post-*Begay*, and that Petitioner does not therefore have the three predicate "violent" felonies necessary to qualify him for an ACCA enhancement.

The Court finds that because Petitioner is ineligible for sentencing as an Armed Career Criminal under 18 U.S.C. 924(e)(1), based on Seventh Circuit precedents he is "actually innocent" of the sentence he received from the United

States District Court for the Western District of Missouri in No. 3:05-cr-5010. The sentence Petitioner is currently serving is illegally enhanced. *See Sperberg v. Marberry*, 2:09-cv-22-WTL-DML, Doc. 45 (S.D. Ind. Oct. 26, 2010). Petitioner is therefore entitled to be resentenced by the court of conviction without the ACCA enhancement. 28 U.S.C. § 2241(c)(3).

IT IS THEREFORE ORDERED:

1. Rusty Eugene McCoy's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 is GRANTED;

2. Respondent SHALL deliver Mr. McCoy to the United States District Court for the Western District of Missouri for resentencing;

3. Respondent SHALL release Mr. McCoy from custody if he is not resentenced within 120 days;

4. The Clerk is DIRECTED to enter Final Judgment hereon;

5. The Clerk is DIRECTED to send copies of this Court's Order granting a Certificate of Appealability, the Mandate of the Seventh Circuit Court of Appeals, and the Judgment and Order of this Court granting Petitioner's Habeas Petition to Respondent Rios; United States District Court for the Western District of Missouri Chief Judge Fernando J. Gaitan, Jr.; and the Clerk of the United States District Court for the Western District of Missouri for filing in No. 3:05-cr-5010.

Entered this 8th day of August, 2012.

                                                       s/ Joe B. McDade
                                                      JOE BILLY McDADE
                                     United States Senior District Judge